**XIAO FENG LIN, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 06–2944.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 27, 2007.

Filed: Oct. 5, 2007.

---

Meer M.M. Rahman, New York, NY, for Petitioner.

Richard M. Evans, Jocelyn L. Wright, David E. Dauenheimer, Song E. Park, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: McKEE, BARRY and FISHER, Circuit Judges.

## OPINION OF THE COURT

FISHER, Circuit Judge.

Xiao Feng Lin petitions for review of a final order of removal of the Board of Immigration Appeals ("BIA"), affirming the decision of an immigration judge ("IJ"), which denied her requests for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1) and, for the reasons that follow, will deny the petition.

### I.

Because we write only for the parties, who are familiar with this case, we will forgo a lengthy recitation of the facts. Lin, a native and citizen of the People's Republic of China, attempted to enter the United States at the Miami International Airport without valid documentation on November 11, 2001. She was detained and questioned by airport officials, at which time she expressed a fear of returning to China and requested asylum. She subsequently applied for withholding of removal and CAT relief. The Department of Homeland Security referred Lin's application to the immigration court and commenced removal proceedings against her.

At an immigration hearing held on February 9, 2005, Lin testified that a local village official in China, from whom her father had borrowed money he was unable to repay, had attempted to coerce her into

a marriage with his son in exchange for relief from the debt. Lin stated that, on at least two occasions, the village official came to her family's house and demanded that the money he had lent to Lin's father be repaid. On one occasion, Lin testified, the village official threatened to have the family arrested if the father did not repay the debt in one week. On another occasion, the official returned with three men and broke all the windows in their house and stole various items. After this latter incident, the official returned and told Lin that if she married his son, the money would not have to be repaid. Lin departed China on October 6, 2000, after paying smugglers $60,000.

In an oral decision, the IJ noted several internal inconsistencies in Lin's testimony, as well as inconsistencies between her testimony and her documentary evidence. Moreover, the IJ pointed to material omissions in Lin's asylum application. Based on these inconsistencies and omissions, the IJ concluded that Lin had failed to provide credible testimony or evidence in support of her asylum claim. Furthermore, the IJ concluded that Lin had filed a frivolous asylum claim. Alternatively, the IJ found that even if Lin's testimony had been deemed credible, she was nevertheless unable to demonstrate past persecution, and there was insufficient evidence to establish that she would be harmed if returned to China. Consequently, the IJ denied Lin's application for asylum and withholding of removal. The IJ also denied Lin's request for relief under the CAT, finding that she had failed to establish that it was more likely than not she would be subjected to torture if returned to China. Accordingly, the IJ ordered Lin removed to China.

On May 17, 2006, the BIA affirmed the IJ's decision, including his adverse credibility determinations. The BIA, however, did not agree that Lin had filed a frivolous asylum application, and overruled the IJ's decision with regard to that determination. As alternative bases for dismissing the appeal, the BIA stated that Lin had failed to establish that she was a member of a protected social group for purposes of her asylum claim, and that she had failed to establish that the government official was acting within his official capacity. Accordingly, Lin's appeal was dismissed and she filed a timely petition for review with our Court. *See* 8 U.S.C. § 1252(b)(1).

## II.

An applicant for asylum has the burden of proving his or her eligibility for asylum. *Abdille v. Ashcroft*, 242 F.3d 477, 482 (3d Cir.2001). Under 8 U.S.C. §§ 1158 and 1101(a)(42)(A), an individual is eligible for asylum only if she demonstrates persecution in the past or a well-founded fear of future persecution on the basis of race, religion, nationality, membership in a particular social group, or political opinion. *See Balasubramanrim v. INS*, 143 F.3d 157, 164–65 (3d Cir.1998). The alien must show by credible, direct, and specific evidence an objectively reasonable basis for the claimed fear of persecution. *Id.* at 165. In this case, the IJ determined that Lin's testimony was not credible, and the BIA relied, on part, on the IJ's adverse credibility determinations in affirming. Where the BIA has relied in its opinion on an IJ's adverse credibility analysis, we may review both opinions. *Fiadjoe v. Att'y Gen.*, 411 F.3d 135, 152–53 (3d Cir. 2005). We review the findings of the BIA and IJ, including adverse credibility determinations, under the substantial evidence standard. *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir.2004). The scope of review under this standard is narrow, and "we must uphold the credibility determination of the BIA or IJ unless 'any reasonable adjudicator would be compelled to con-

clude to the contrary.'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)). We defer to the IJ's adverse credibility determinations so long as they are "supported by specific cogent reasons." *Gao v. Ashcroft,* 299 F.3d 266, 276 (3d Cir.2002).

The IJ's credibility determinations in this case were supported by specific and cogent reasons and the denial of asylum was therefore supported by substantial evidence. The IJ noted that despite Lin's testimony that she feared returning to China because of the possibility of a coerced marriage, there was no mention of the alleged coerced marriage in her asylum application. To this end, the IJ observed that Lin made no mention, in her airport interview with immigration officers, of the coerced marriage. In addition, the IJ reasonably questioned why Lin would not move away from her village to another part of China, rather than travel all the way to the United States, to escape the alleged persecution of her village official. With regard to documentation, the IJ observed that a certificate provided by Lin as evidence indicated that Lin herself had borrowed money from the village official, contradicting her testimony that only her father had borrowed money, and the certificate made no mention of a loan to her father. Finally, the IJ reasonably questioned why Lin did not pay her father's alleged debt back with the $60,000 she had obtained to pay smugglers, thereby avoiding any coerced marriage or future harm. In light of these numerous material inconsistencies and omissions, the IJ and BIA reasonably determined that Lin had not provided credible testimony.

1. In addition, we agree with the BIA that even if Lin's testimony were deemed credible, she has failed to establish that she is a member of a distinctive social group protected by the asylum statute. Lin has maintained that she is a member of a particular social group of "young women threatened with imprisonment for failing to oblige the demands of a

Accordingly, Lin's request for asylum was properly denied.[1]

For these same reasons, we hold that substantial evidence supports the denial of Lin's application for withholding of removal and relief under the CAT. *See INS v. Stevic,* 467 U.S. 407, 413, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984) (explaining that to qualify for withholding of removal, an applicant must present credible testimony or evidence demonstrating a "clear probability" of persecution if removed); *Obale v. Att'y Gen.,* 453 F.3d 151, 161 (3d Cir.2006) (observing that to qualify for protection under the CAT an applicant must show by credible testimony or evidence that it is more likely than not that she will be tortured if removed).

## III.

For the foregoing reasons, we will deny the petition.

government official to marry his relations." This description fails to establish a distinctive social group. *See Lukwago v. Ashcroft,* 329 F.3d 157, 172 (3d Cir.2003) ("Under the [asylum] statute a 'particular social group' must exist independently of the persecution suffered by the applicant for asylum.").